IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| David Conard, | Case No. 1:24 cv 1358 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Jerry Spatney, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

## Background

*Pro se* Plaintiff David Conard has filed an *in forma pauperis* prisoner civil rights complaint in this case pursuant to 42 U.S.C. § 1983 against Keith Foley, Head of Security at the Ohio Department of Rehabilitation and Correction ("ODRC"), and four ODRC employees at the Grafton Correctional Institution: Warden Jerry Spatney, Head of Maintenance Thomas Fritz, Maintenance Supervisor Kimberly Pickett, and Plumbing Supervisor Greg Holzhauer. (Doc. No. 1.) His complaint pertains to the temperature of the water in the shower.

Plaintiff alleges that Defendants Fritz, Prickett, and Holzhauer failed to conduct the required weekly maintenance inspections of the showers in his unit as mandated by ODRC policy, and that beginning in December 2023 through February 2024, he and other prisoners sent a variety of kites reporting that the water in the showers was too hot and that the mixing valves needed to be checked. (*Id*. at 4, ¶¶ 14, 17.) He alleges that, in response to his December 14, 2024 kite, he was told that the issue would be "looked into," and that Defendant Foley directed maintenance to turn the temperature of the water down. (*Id*. at ¶¶ 18, 19.)

He alleges, however, that when maintenance staff looked into the issue, Defendant Pickett allowed another inmate plumber to "overrule" the directive of Defendant Foley to turn the water down. Plaintiff alleges that when Defendant Pickett was on her way to fix the scalding water, she was told that another prisoner "likes the water hot" and, as a result, Pickett "decided not to fix the scalding not water." (*Id*. at ¶ 20.) He alleges that on February 28, 2024, while he was trying to rinse off in the shower, the water temperature "surged from too hot to scalding," burning his face and neck and requiring medical attention. (*Id*. at 5, ¶ 22.) He alleges that after his and another's inmate's injuries from the water were reported, "Defendants Fritz and/or Pickett and/or Holzhauer" turned the water down. But he alleges they turned the water back up again within several days. (*Id*. at ¶ 24; Doc. No. 1-8, Ex. E at 1.)

After Plaintiff sent another grievance complaining about the water temperature and seeking compensation for his injury, his grievance was denied and he was told that the water temperature is checked "once weekly" and was within normal range; that the Maintenance Supervisor ensures that water is set and measured in accordance with ODRC policy; and that the water is warmest when fewer individuals are showing. (Doc. No. 1 at ¶ 25; Doc. No. 1-8, Ex. E at 3.) He was told that "the more individuals [that] are in the shower, the greater the pressure against the water system units resulting in the water being cooler." (Doc. No. 1-8, Ex. E at 3.) He was also told that corrective measures were taken to ensure that the staff were properly documenting the specific issues for the work order to be properly addressed.

Plaintiff disputes that the valves in the shower are operating properly and seeks monetary compensation ($250,000) for his injuries, contending Defendants negligently, knowingly, and

2

purposefully disregarded his safety and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. No. 1 at 6, ¶¶ 32, 33.)

### Standard of Review and Discussion

*Pro se* complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nonetheless, the "lenient treatment generally accorded to *pro se* litigants has limits" and *pro se* plaintiffs are not automatically entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions filed in federal court and any action in which a prisoner seeks redress from governmental defendants, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon review, the Court finds that the Plaintiff's complaint warrants dismissal under §§ 1915(e)(2)(B) and 1915A for failure to state a plausible constitutional Eighth Amendment claim.

To succeed on a § 1983 claim, a plaintiff must show personal involvement of each defendant in the activities which form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95–3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff's complaint does not allege facts suggesting personal involvement of Defendants Foley and Spatney in the wrongful conduct forming the basis of his claim here, *i.e.*, failing to properly maintain the shower valves and setting the shower water temperature. Instead, his complaint on its face indicates that Defendants Foley and Spatney, in fact, responded to his complaints about the water temperature and directed maintenance staff to look into the issue and turn the water down. Although he complains that Defendant Foley "made no further attempts to have the water temperature fixed" after Defendant Pickett looked into the issue and failed to set the water to the temperature as he was instructed but, instead, set the water temperature to the level desired by another inmate (*see* Doc. No. 1 at 5, ¶ 21), it is well-established that liability for constitutional violations cannot be imposed on supervisory officials solely on the basis of *respondeat superior*, a "mere failure to act," or on the basis they denied administrative grievances. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because this is the most Plaintiff's complaint alleges with respect to Defendants Foley and Spatney, his complaint fails to state a plausible claim as against them.

Plaintiff's complaint is also insufficient to allege a plausible Eighth Amendment claim against the Defendants who had involvement in the activities that form the basis of his claim, Defendants Fritz, Pickett, and Holzhauer. Prison conditions are subject to scrutiny under the Eighth Amendment, but to state a claim, a prisoner must demonstrate both objective and subjective

4

components. *Green v. Martin*, 18 F. App'x 298, 300 (6th Cir. 2001), citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). It is well-established that the Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," only "extreme deprivations" can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (internal citation omitted). The objective component thus requires a prisoner to show that he suffered an "extreme" deprivation in the prison context in order to make out a constitutional conditions of confinement claim. *See id*. at 9 ("only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently a grave to form the basis of [a claim]").

To make out the subjective component of a claim, a prisoner must demonstrate that each defendant prison official in question acted with a subjective state of mind, rising to the level of "deliberate indifference," with respect to the deprivation. *Wilson*, 501 U.S. at 294. This requires the prisoner to show that each prison official he sues "subjectively perceived facts from which to infer substantial risk to the prisoner [as a result of the alleged condition], that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff's complaint is insufficient to demonstrate the required components of a constitutional conditions of confinement claim. First, his allegations that the water in the shower is generally too hot for him and other inmates, that maintenance staff set the water at a level favored by another inmate, and that on one occasion, he suffered injury when the water temperature in the shower "surged" to scalding, cannot be said to characterize an "extreme deprivation" in the prison context. While prisons are required to provide inmates with hot and cold water, there is no constitutional

violation where the temperature of prison showers are sometimes either too hot or too cold. *See Skelton v. Bruce*, 409 F. App'x 199, 206 (10th Cir. 2010) (citing *Rhodes v. Laramie Cnty. Bd. of Cnty. Com'rs*, No. 94-8046, 1995 WL 539739, at *1 (10th Cir. Sept. 12, 1995) (opining there is no Eighth Amendment violation where inmates were forced to use showers that "produced water sometimes too hot and other times too cold"); *Ellis v. Mohr*, No. 1: 13-cv-1058, 2017 WL 4155769, at *8 (N.D. Ohio Sept. 19, 2017). Although Plaintiff is dissatisfied with the hot temperature and operation of the shower, he has not alleged specific facts supporting plausible inferences that the shower valves are actually faulty, or that the temperature at which the shower water is set falls outside of normal range.

Second, even assuming Plaintiff's complaints about the temperature of the water and his injury are sufficient to demonstrate that he suffered an extreme deprivation in the prison context, he has not alleged facts sufficient to demonstrate that Defendants acted with "deliberate indifference" to his health or safety, as is required to make out the required subjective component of a deliberate indifference claim. Plaintiff complains about Defendants' responsiveness to his complaints, and that Defendant Pickett allowed another inmate to "overrule" the directive of Defendant Foley to turn the water temperature down, but his complaints do not support plausible inferences that Defendants Fritz, Pickett, and Holzhauer actually, subjectively perceived that Plaintiff faced a serious risk of harm to his health or safety as result of the shower water temperature or the operation of the shower valves before his injury. And his complaint on its face indicates that his complaints about the shower water temperature were ultimately looked into, and maintenance staff determined that the showers were operating within normal range and that surges in the water temperature were correlated with the number of inmates using the shower at one time. Again, although Plaintiff is dissatisfied with the water temperature, he has not alleged specific facts supporting plausible inferences that the shower

6

valves are actually faulty, or that the temperature at which the shower water is set falls outside of normal range.

In sum, while the Court is sympathetic to Plaintiff's dissatisfaction with the temperature of the shower water, his complaints fail to rise to the level of constitutional deliberate indifference even if they may be sufficient to give rise to a viable claim for personal injury or negligence under state tort law.

## Conclusion

Accordingly, for the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:   December 2, 2024

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE